**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe Dean SWIFT (86–1079), James C. Hettmansperger (86–1083), Defendants-Appellants.**

**Nos. 86–1079, 86–1083.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 6, 1986.

Decided Jan. 16, 1987.

Goerge S. Buth, Curtis R. Witte (argued), Grand Rapids, Mich., for Hettmansperger.

Anthony J. Valentine (argued), Bruggink & Valentine, Grand Rapids, Mich., for Swift.

John A. Smietanka, U.S. Atty., Grand Rapids, Mich., John C. Bruha, Donald A. Davis (argued), for plaintiff-appellee.

Before LIVELY, Chief Judge, and MARTIN and BOGGS, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Joe Swift and James Hettmansperger challenge their convictions arising from a drug conspiracy and tax evasion jury trial. Joe Swift was convicted of conspiring to distribute marihuana, of possession of marihuana with the intent to distribute and of interstate travel in aid of racketeering. James Hettmansperger was convicted of conspiring to distribute marihuana and of false declarations to a grand jury. Hettmansperger argues that the district court abused its discretion in joining him in the indictment against the other defendants, and both Hettmansperger and Swift argue that the district court abused its discretion in denying their motion for severance. Also, Swift asserts that the district court erred in allowing the jury to view bags containing marihuana and Hettmansperger argues that the district court erred by holding that his false statements were material to the grand jury. We find their arguments unpersuasive and affirm the district court.

In April of 1985 a grand jury returned a 17–count indictment against Swift, Hettmansperger and seven other defendants. The charges involved drug violations, racketeering, tax evasion and false declarations to a grand jury. Swift was indicted for conspiring to distribute marihuana, for possession of more than 1,000 pounds of marihuana with intent to distribute and of interstate travel in aid of racketeering. Hett-

mansperger was indicted for conspiring to distribute marihuana and for perjury before the grand jury.

Swift filed a pretrial motion to sever the tax related and perjury counts from the drug related ones. Hettmansperger filed a pretrial motion for severance of the two counts against him and for a separate trial for each. The district court ruled that the joinder under Rule 8(b) of the Federal Rules of Criminal Procedure was proper, but, in order to avoid confusion, severed the drug related counts from the tax related ones. During trial Swift joined in a motion for severance under Rule 14 on grounds of prejudice from financial evidence that was being introduced against other defendants. The district court denied this motion and the motion was not subsequently renewed.

During the course of trial, the government presented evidence contradicting Hettmansperger's grand jury testimony and establishing his involvement in the conspiracy. It also introduced evidence and testimony demonstrating Swift's participation in the drug conspiracy. In presenting its case, the government tried to introduce as evidence two bales of marihuana packaged in Purina Dog Chow bags, but the district court refused admission because of problems with authentication. As an alternative, the government sought to have a witness identify the method of packaging. The district court permitted the bags to be shown to the jury under those circumstances but specifically forbade the bags from being identified as containing marihuana. The packaged bales of marihuana were brought into the courtroom, the witness identified the packaging as being like that used by the drug conspiracy, and the bags were immediately removed.

Swift was found guilty of the three counts against him and sentenced to concurrent five year terms on each count. Hettmansperger was found guilty on both counts against him and sentenced to concurrent four year terms on each count. Hettmansperger argues on appeal that the district court abused its discretion in join-

ing the defendants for trial. Swift and Hettmansperger both assert that the district court abused its discretion in refusing to sever them from the other defendants. Further, Swift claims that the district court committed reversible error in permitting the jury to view the Purina Dog Chow bags containing marihuana, and Hettmansperger asserts that he was improperly convicted for perjury under 18 U.S.C. § 1623 because the district court erred in holding that his false statements to the grand jury satisfied that statute's materiality requirement.

We address first the improper joinder contention. The Federal Rules of Criminal Procedure permit joinder in an indictment of defendants "alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense of offenses." Fed.R. Crim.P. 8(b). As we have held, this rule "can, and should, be 'broadly construed in favor of initial joinder,' because of the protection Rule 14 affords against unnecessarily prejudicial joinder." *United States v. Franks*, 511 F.2d 25, 28 (6th Cir.1975) (quoting *United States v. Isaacs*, 493 F.2d 1124, 1158 (7th Cir.), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974)). In the decision of whether to join, "the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." *Franks*, 511 F.2d at 29 (quoting *Baker v. United States*, 401 F.2d 958, 971 (D.C.Cir. 1968)).

The counts joined for trial in this case satisfy this requirement because they are logically interrelated and involve overlapping proof. *See United States v. Johnson*, 763 F.2d 773, 776 (6th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 178, 88 L.Ed.2d 148 (1985). The drug conspiracy count involved all nine defendants. Swift's possession of the more than 1,000 pounds of marihuana was one of the overt acts of the conspiracy. Swift's racketeering count involved interstate travel for the purpose of obtaining marihuana. Hettmansper-

ger's perjury count was related to his involvement in that conspiracy, and evidence establishing his involvement in that conspiracy also established the falsity of his grand jury testimony. The racketeering counts in which neither Swift nor Hettmansperger was indicted involved the investment of proceeds from the marihuana conspiracy. Thus, because all of the counts were related and involved many of the same elements of proof, and because joinder advanced judicial economy, the joinder was appropriate.

Second, we deal with Swift and Hettmansperger's arguments that the district court should have granted a motion for separate trials under Rule 14 of the Federal Rules of Criminal Procedure. Rule 14 provides: "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information ... the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." A Rule 14 motion is left to the court's discretion, and the denial of a severance "will not be disturbed on review unless the district court abused its discretion in denying the motion." *United States v. Gallo*, 763 F.2d 1504, 1524–25 (6th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 826, 88 L.Ed.2d 798 (1986) (citations omitted). To establish an abuse of discretion requires "a strong showing of prejudice." *Id.* at 1525. The movant must demonstrate an inability of the jury to separate and treat distinctively evidence relevant to each particular defendant. Even if the movant establishes "some potential jury confusion, this must be balanced against society's need for speedy and efficient trials." *Id.* (citations omitted).

Swift and Hettmansperger argue that the district court should have granted a severance because they were prejudiced by a "spillover" of evidence, particularly the large quantities of financial evidence. Much of the evidence about which Swift and Hettmansperger complain—such as what happened to the proceeds—was relevant in establishing the existence and oper-

ation of the drug conspiracy and may have been admissible against them. As for evidence not admissible against them, the district court gave to the jury, both during and at the end of trial, cautionary instructions regarding the separate consideration to be given to each defendant. As a jury is presumed capable of sorting out evidence and considering each count and each defendant separately, *United States v. Frazier*, 584 F.2d 790, 795 (6th Cir.1978), Swift and Hettmansperger's arguments prove unpersuasive. Even if there is some potential for jury confusion, it is small and does not outweigh "society's need for speedy and efficient trials." *Gallo*, 763 F.2d at 1525.

■ As noted above, this severance motion was made during trial but not renewed at the close of the evidence. Other circuits have required that a motion to sever be renewed at the close of evidence for the objection to survive. *See, e.g., United States v. Guess*, 745 F.2d 1286, 1289 (9th Cir.1984), *cert. denied*, 469 U.S. 1225, 105 S.Ct. 1219, 84 L.Ed.2d 360 (1985); *United States v. Mansaw*, 714 F.2d 785, 790 (8th Cir.), *cert. denied*, 464 U.S. 964, 104 S.Ct. 403, 78 L.Ed.2d 343 (1983). As a prospective ruling affecting cases tried after January 1, 1987, we hold that a severance motion will be deemed waived if it is not renewed at the end of the evidence. This ruling does not affect this case, however, because the district court effectively reconsidered the motion at the end of the case and found severance still inappropriate.

■ Third, we address Swift's contention that the district court erred in permitting the jury to view the Purina Dog Chow bags containing marihuana. According to Swift, he was unfairly prejudiced by the mere presence in the courtroom for a short time of large bags that had tears exposing marihuana. Rule 403 of Federal Rules of Evidence excludes evidence when its unfair prejudicial impact substantially outweighs its probative value. In balancing prejudice and probative value, trial courts have considerable leeway. Because appellate courts work with a record which cannot

fully convey a trial's nuances, dynamics and atmosphere, they have a limited capacity to review the balance struck by the trial court. Consequently, we will not reject a trial court's balancing unless the "substantial prejudice" clearly outweighs the "probative value." *See United States v. Brady*, 595 F.2d 359, 361 (6th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 129, 62 L.Ed.2d 84 (1979) ("In reviewing a decision of a trial court on this issue we must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect."). *Accord F & S Offshore, Inc. v. K.O. Steel Castings, Inc.*, 662 F.2d 1104, 1107–08 (5th Cir.1981); *cf. United States v. Robinson*, 560 F.2d 507, 515 (2d Cir.1977) (en banc), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978) ("the preferable rule is to uphold the trial judge's exercise of discretion unless he acts arbitrarily or irrationally").

The district court never admitted that Purina Dog Chow bags into evidence and never permitted them to be identified as containing marihuana or as being the bags used by the conspiracy. The record before us does not indicate how much marihuana was visible through the tears in the Purina Dog Chow packaging. In fact, we do not know for certain that the jury could see any at all. Moreover, this was a large marihuana conspiracy trial; the jury would unlikely have been surprised to see large bags that contained marihuana. It is very difficult for us to gauge, as the district court could, the trial's dynamics and the effect of the presence of the bags in the courtroom for a short time. In permitting the jury to view the bags, the district court had to balance any unfair prejudice arising from their presence against the value of demonstrating to the jury the method of packaging and means of transporting large volumes of marihuana. We cannot say that the substantial prejudice clearly outweighs the probative value.

■ Finally, we have considered the other ground urged on appeal—the assertion that Hettmansperger's false declara-

tions were not material and therefore could not support a perjury conviction under 18 U.S.C. § 1623—and find it without merit. That statute criminalizes false declarations before a grand jury or court; specifically, it provides that "[w]hoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both." 18 U.S.C. § 1623(a). As stated in *United States v. Richardson*, 596 F.2d 157, 165 (6th Cir.1979), a false declaration satisfies the materiality requirement if a truthful statement might have assisted or influenced the grand jury in its investigation. That Hettmansperger's false statements did not succeed in leading the grand jury astray is irrelevant.

We affirm.