UNITED STATES of America, Plaintiff,

v.

Djelosh NUCOLOVIC, et al., Defendant.

Crim. A. No. 87–80292–09.

United States District Court,
E.D. Michigan, S.D.

Oct. 29, 1987.

Neil H. Fink, Detroit, Mich., for defendant.

Keith Corbett, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Following his conviction by jury verdict, Djelosh Nucolovic moves for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) or for a new trial based upon the provisions of Federal Rules of Criminal Procedure 8(b) and 14.

Twenty-four individuals, including the defendant, were indicted on various drug-related counts. Defendant Nucolovic and twenty others were charged as members of a conspiracy organized and controlled by Avdo and Bella Djokovic to distribute cocaine (21 U.S.C. § 846) in Count Two of the indictment. Five others, excluding the defendant, were charged with a conspiracy to distribute heroin. The two conspiracies are alleged to have occurred in the same time period. Of the remaining twelve counts of the indictment in which the defendant is not named, seven involve heroin and four involve cocaine charges.

The jury returned verdicts which found most of the defendants guilty as charged. Nucolovic was found guilty of charges in Count Two. Two defendants, however, were found not guilty of charges in that count. One of these was a brother of a defendant charged in both conspiracies and shared the same last name.

The evidence against defendant Nucolovic consists primarily of the testimony of Susan Berishaj. Berishaj related statements by Nucolovic which linked him to Bella Djokovic. In substance, Nucolovic reportedly indicated that his drugs were the same as Djokovic's and that his business in drugs would continue even though Djokovic had been arrested. There was some indication that Nucolovic might have said that he was "taking over" for Djokovic.

Further, Michael C. Pelonero, a Drug Enforcement Administration agent, testified that another defendant charged in Count Two attempted to obtain entrance to a residence at 9333/9335 McDougall, Hamtramck, in order to obtain narcotics to sell to an informer. Berishaj alleges that she purchased cocaine from Nucolovic at that same address on April 13, 1987.

In his motion for a judgment of acquittal, Nucolovic asserts that Berishaj's testimony is as indicative of a separate cocaine business or conspiracy as it is of his participation in the conspiracy charged in Count Two.

Defendant cites *United States v. Leon*, 534 F.2d 667 (6th Cir.1976) in support of his multiple conspiracy defense. In that case, recorded conversations between two defendants revealed that they placed bets with one another and that they exchanged gambling information. The United States Court of Appeals for the Sixth Circuit found "that the recordings alone are subject to any number of inferences, including an inference, equally plausible, to the one urged by the government, that [the defendants] merely placed personal bets with each other." *Leon, supra* at 677.

The test for determining the sufficiency of the evidence is whether "a reasonable mind might fairly find guilt beyond a reasonable doubt" from that evidence. *United States v. Holloway*, 731 F.2d 378, 381 (6th Cir.1984), *cert. denied*, 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 366 (1984). In applying this test, I must view the evidence in a light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

The case against Nucolovic depends upon inferences to be drawn from Berishaj's testimony and other evidence offered as to Count Two. However, the jury could not consider the statements made by Berishaj in isolation from one another or from other evidence of the cocaine conspiracy.

Taken together, in a light most favorable to the government, (1) the statements made by Nucolovic to Berishaj; (2) the fact that other members of the conspiracy attempted to use, and Nucolovic did use the McDougall Street location, to transact drug deals; (3) the fact that both Berishaj and Nucolovic knew Bella Djokovic as

a narcotics trafficker; and (4) the nature of the cocaine conspiracy, support an inference that the drug business transacted by Nucolovic was a part of the conspiracy charged in Count Two. The evidence does not clearly suggest that equally-balanced inferences supporting guilt or innocence exist as a matter of law.

The matter is one for jury resolution. To find otherwise would usurp the role of the jury by attempting to over-quantify matters upon which reasonable persons could differ.

Nucolovic has moved for severance under Rules 8(b) and 14 of the Federal Rules of Criminal Procedure. Appropriate motions were made by his counsel prior to and at the conclusion of his case. I took the matter under advisement and now address the issue following Nucolovic's conviction.

The language of Rule 8(b) provides as follows:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

Nucolovic alleges that the heroin conspiracy charge against others was improperly joined with the cocaine conspiracy charge against him. Defendant cites two cases in support of his contention of misjoinder under Rule 8(b), *United States v. Hatcher*, 680 F.2d 438 (6th Cir.1982), and *United States v. Gazie*, 786 F.2d 1166 (6th Cir. 1986).

The first case, *United States v. Hatcher*, 680 F.2d 438 (6th Cir.1982), concerned a defendant charged with possession and distribution of heroin and the possession and distribution of cocaine. A co-defendant, Manetas, was charged only with the possession and distribution of heroin. The Court of Appeals reversed Manetas' conviction after finding a misjoinder of the two completely unrelated cases.

The issue appealed in *Hatcher, supra,* by the co-defendant Manetas is distinguishable from the instant case. Nucolovic's matter is not one involving "completely unrelated cases." Counts One and Two of the indictment charging Nucolovic relate to the same time period. Both charge that the indicted individuals conspired with Avdo Djokovic and Bella Djokovic to possess and to distribute controlled substances. A person also charged with conducting a continuing criminal enterprise, Luvigj Juncaj, is charged in each of the counts. The evidence introduced at trial linked the individuals charged to Avdo Djokovic, Bella Djokovic, and Luvigj Juncaj, who were alleged to have supplied the narcotics at the heart of each conspiracy. Both the cocaine conspiracy and the heroin conspiracy similarly flowed from an overall scheme or plan by these three to possess and distribute controlled substances.

█ Later cases decided under the *Hatcher* standards support a finding of sufficient nexus in Nucolovic's matter. The question is not whether a particular defendant participated in each and every act or transaction of the series comprising a conspiracy. Rather, a group of acts or transactions may constitute a joinable series if they are "logically interrelated." *United States v. Swift*, 809 F.2d 320 (6th Cir.1987) (*quoting United States v. Johnson, infra*). See *United States v. Corbin*, 734 F.2d 643, 649 (11th Cir.1984); *United States v. Cavale*, 688 F.2d 1098, 1106 (7th Cir.1982), *cert. denied*, 459 U.S. 1018, 103 S.Ct. 380, 74 L.Ed.2d 513 (1982); and *United States v. Ford*, 632 F.2d 1354, 1371–2 (9th Cir.1980). Generally, "numerous connections" between offenses charged and primary parties may permit joinder even if the connections suggest no more than a personal acquaintance with other defendants and their illegal activities. *United States v. Johnson*, 763 F.2d 773 (6th Cir. 1985), *cert. denied*, 474 U.S. 862, 106 S.Ct. 178, 88 L.Ed.2d 148 (1985). Finally, the Court of Appeals has directed that Rule 8(b) "can, and should, be 'broadly construed in favor of initial joinder,' because of the protection Rule 14 affords against unnecessarily prejudicial joinder." *United States v. Franks*, 511 F.2d 25, 28 (6th Cir.1975), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2656, 95 S.Ct. 2654, 45 L.Ed.2d 693 (1975) (*quoting United States v. Isaacs,*

493 F.2d 1124, 1158 (7th Cir.1974), *cert. denied,* 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974)).

Nucolovic also cites *United States v. Gazie,* 786 F.2d 1166 (6th Cir.1986) in support of his contention of misjoinder under Rule 8(b). The issues in this unpublished opinion are readily distinguishable from the case at hand or are inapplicable.

■ On the evidence presented at trial, Rule 8(b) does not prevent Nucolovic from being tried with co-defendants charged as heroin conspirators.

Had Nucolovic proved misjoinder under the provisions of Rule 8(b), the standard of review is that of "harmless error." *United States v. Lane,* 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). Harmless error is "any error, defect, irregularity or variance which does not affect substantial rights...." Federal Rule of Criminal Procedure 52(a).

■ Review of the record in this case indicates that the claimed error was harmless. Evidence was introduced in such a manner as to be plainly applicable to the defendant it implicated and only that defendant. In Nucolovic's case, only one witness served to provide the bulk of the evidence presented against him. The evidence of the heroin conspiracy alleged in Count Two had nothing to do with Nucolovic. Such evidence related to the cocaine conspiracy only to the extent both counts were considered as part of the continuing criminal enterprise charged against the defendant Luvigj Juncaj. No spillover effect resulted from the joinder of the two conspiracy counts with regard to defendant Nucolovic. Proper limiting instructions were given throughout the trial. The jury was cautioned again in the final charge. The resulting verdicts do not support any inference of prejudicial misjoinder. If the heroin conspiracy charged in Count One was joined in error with the cocaine conspiracy, the joinder was harmless with regard to Nucolovic.

Defendant Nucolovic contends that even if joinder was not improper under Rule 8(b), joinder was nevertheless prejudicial and improper under Federal Rule of Criminal Procedure 14. Under Rule 14, the trial court may order severance "if it appears that a defendant ... is prejudiced by a joinder of offenses or of defendants in an indictment."

Nucolovic argues that he has a right not to be tried in a joint trial where substantial prejudice results from a "spillover effect" of evidence relating to co-defendants.

In *United States v. Gallo,* 763 F.2d 1504, 1525 (6th Cir.1985), *cert. denied, Graewe v. United States,* 474 U.S. 1068, 106 S.Ct. 826, 88 L.Ed.2d 798 (1986); *cert. denied, Graewe v. United States,* 474 U.S. 1069, 106 S.Ct. 828, 88 L.Ed.2d 800 (1986); and *cert. denied, Gallo v. United States,* 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 (1986), the Court of Appeals set the standards necessary to establish that the district court abused its discretion in denying a motion for severance under Rule 14.

Nucolovic primarily asserts that a "spillover effect" prejudices his case if he is tried jointly with those indicted in this case. In *Gallo, supra,* the Court of Appeals quotes a prior decision which directly addresses and disposes of this issue:

> [Defendant] claims that the district court's refusal to sever his trial resulted in a "spillover effect" which may have caused the jury to convict him "not on the basis of evidence relating to [him] but by imputing to [him] guilt based on the activities of the other set of conspirators."
>
> . . . .
>
> The existence of ... a "spillover" or "guilt transference" effect ... turns in part on whether the numbers of conspiracies and conspirators involved were too great for the jury to give each defendant the separate and individual consideration of the evidence against him to which he was entitled.

*United States v. Toliver,* 541 F.2d 958, 962–63 (2d Cir.1976). The same point was made in *United States v. Kendricks,* 623 F.2d 1165, 1168 (6th Cir.1980).

Nucolovic has not demonstrated a spillover effect in his case. Only two conspira-

cies were alleged. Only seven individuals were on trial under Count Two. The evidence against each defendant was highlighted by its nature and by its presentation (*i.e.*, tapes in the Albanian language were separated into individual conversations involving no more than two parties). Cautionary instructions were given throughout the proceedings and at the close of the trial. The jury was able to determine that two of the defendants charged under Count Two with Nucolovic were not guilty. One of these was the brother of Luvigj Juncaj, a central figure found guilty in both the Count One and Count Two conspiracies. The jury should not have been confused given the conduct of the trial and was not confused given the resultant verdicts. *See Gallo, supra* at 1526. Defendant Nucolovic "cannot show any specific instances where the jury might have been confused by the scope of the proofs or was unable to limit evidence to only one defendant when necessary." *United States v. Grunsfeld*, 558 F.2d 1231, 1237 (6th Cir.1977), *cert. denied, sub nom. Flowers v. United States*, 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 761 (1978). The need for efficient trials must be surmounted by the harm of potential prejudice in order for a defendant to prevail in a motion for severance under Rule 14. Nucolovic has failed to meet his burdens.

Accordingly, IT IS ORDERED that Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure is DENIED and Defendant's Motion for New Trial Pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure is DENIED.