919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin PRICE, Defendant-Appellant.
 No. 90-1457.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Calvin Price (defendant), a doctor of osteopathy, appeals his convictions for distribution of cocaine, distribution of controlled substances, and mail fraud. The defendant raises three issues on appeal: (1) whether the District Court erred in denying defendant's motion for judgment of acquittal on the mail fraud charges; (2) whether the District Court erred in admitting taped conversations between defendant and an undercover private investigator; and (3) whether the District Court erred in denying defendant's motion to dismiss the charges of distribution of controlled substances.
 
 
 2
 The evidence presented at trial on the charges of distribution of cocaine and controlled substances included the testimony of a private investigator, Sharon Bentley, who posed as a patient and went to the defendant's office numerous times from September 1986 to January 1989. She testified that she initially told the defendant that she often got headaches, and that she had taken Tylenol # 4 in the past. The defendant prescribed Tylenol # 4 to her, and when she later asked for Percodan and Valium he prescribed Percocet (a pain killer with strength equal to Percodan) and Valium, both controlled substances. Bentley testified that the defendant gave her two quantities of cocaine. She also testified that the defendant never examined her and never took her medical history. The trial court also admitted recordings of Bentley's conversations with the defendant. These recordings reveal the several conversations they had about cocaine, and lack any discussion about Bentley's physical condition. Dr. Charles Murphy testified that there was no legitimate reason for the prescriptions issued by the defendant to Bentley.
 
 
 3
 The mail fraud counts alleged that the defendant billed Medicare for tests that were neither necessary nor actually performed. He was entitled to bill Medicare only for tests that were actually performed in his office. Dr. Murphy testified that he reviewed the records of those patients on whose behalf defendant had billed Medicare for extensive blood tests. He testified that there was nothing in any of those patient's records to indicate that the tests should have been performed on any of the patients at any one time. Joint App. at 164. Finally, several of the defendant's former employees testified that there were no laboratory technicians employed at the clinic from 1985 to 1987. One employee, however, testified that the office did employ a laboratory technician until September 1987. She testified that after that time an independent laboratory sent a technician to the office to perform tests, and that the defendant paid the technician for those services.
 
 
 4
 The defendant claims that the government's evidence established good faith as a matter of law and that therefore the District Court erred in refusing to grant the defendant's motion for acquittal on the mail fraud charges. The defendant, however, mischaracterizes the testimony. In referring to the tests billed to Medicare, Dr. Charles Murphy testified that:
 
 
 5
 I did not see any documentation on the record I reviewed that would indicate this particular series of tests should be done on any one patient at any one time.
 
 
 6
 Joint App. at 164. Dr. Murphy repeated this assertion several times throughout direct and cross-examination. Joint App. at 176, 179. He did testify that the tests were proper diagnostic tools that were generally used to detect dangerous medical conditions and that given the right circumstances they would have a legitimate purpose. He specifically stated, however, that the patients for whom the defendant claimed to have performed these tests were not in need of them.
 
 
 7
 This case, therefore, is different from the situation in Sherman v. United States, 356 U.S. 369 (1958), on which the defendant relies for his assertion that the District Court should have granted his motion for acquittal. The Supreme Court held in Sherman that the defendant had been entrapped as a matter of law because the government's evidence had established all of the elements of entrapment. Here, however, the evidence did not establish as a matter of law that there were legitimate medical reasons for administering the tests to any patient at the time they were administered, or that the defendant had acted in good faith. In fact, the evidence overwhelmingly indicated that there were no medical reasons and that he had not acted in good faith. The District Court, therefore, did not err in denying the defendant's motion for acquittal.
 
 
 8
 The defendant also argues that the District Court improperly admitted tapes of conversations between himself and Bentley. Specifically, the defendant objects to those tapes that contained discussions about cocaine, but were recorded after the cocaine distribution with which he was charged. The defendant claims that the tapes should have been excluded under Rule 403 of the Federal Rules of Evidence, because the discussions about cocaine are highly prejudicial and not at all probative. The tapes, however, were probative as they relate not to the cocaine charges, but to the controlled substances charges. The tapes reveal that although the defendant prescribed the medications to Bentley, he did not discuss Bentley's medical condition with her or examine her.
 
 
 9
 Under Rule 403 the trial court may exclude evidence if its probative value is substantially outweighed by its possible prejudicial effect.[1] "In balancing prejudice and probative value, trial courts have considerable leeway." United States v. Swift, 809 F.2d 320, 323 (6th Cir.1987). This Court, therefore, "will not reject a trial court's balancing unless the 'substantial prejudice' clearly outweighs the 'probative value.' " Id. (emphasis added). The prejudice here does not clearly outweigh the probative value. The taped discussions reveal exactly what was discussed in Bentley's visits to the defendant's office. They are the most clear and complete evidence of the defendant's failure to examine Bentley and to discuss her medical condition before prescribing medication to her. Although the discussions about cocaine may be prejudicial, and are not probative of cocaine distribution since they took place after the distributions, given the probative value of the tapes as a whole, the District Court did not err in admitting them.
 
 
 10
 Finally, the defendant argues that as a doctor prescribing medication he could not be charged with distribution of a controlled substance under 21 U.S.C. Sec. 802(11), but only with dispensing a controlled substance under section 802(10). The defendant, therefore, contends that the indictment against him was fatally flawed and that all counts related to that charge must be dismissed. The defendant recognizes that the law of this Circuit, however, runs counter to his argument. It is well settled that a doctor may be charged with distributing a controlled substance when he illegally prescribes medications. United States v. Ellzey, 527 F.2d 1306, 1308 (6th Cir.1976). See also United States v. Seelig, 622 F.2d 207, 211 (6th Cir.) ("a registered doctor is subject to the criminal penalties of Sec. 841(a)(1) if he is not acting within the usual course of professional conduct"), cert. denied, 449 U.S. 869 (1980); United States v. Millen, 594 F.2d 1085, 1087 (6th Cir.) ("a charge of 'distributing' rather than 'dispensing' made against a physician who was a defendant [is] a lawful and appropriate indictment"), cert. denied, 444 U.S. 829 (1979). Under the clear law of this Circuit, therefore, the defendant was properly charged with distributing controlled substances. The defendant's conviction is therefore AFFIRMED.
 
 
 
 [1]
 Fed.R.Evid. 403:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.