16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bradly M.E. ALLEN, Defendant-Appellant.
 No. 93-3494.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: KEITH, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Bradly M.E. Allen, a federal prisoner, appeals his judgment of conviction on seven counts of using a false social security number in violation of 18 U.S.C. Sec. 408(g)(2), and ten counts of passing forged checks in interstate commerce in violation of 18 U.S.C. Sec. 2314. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Counsel for both parties have waived oral argument in this case, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Allen was indicted in May 1992 on the charges described above. His motion to sever the two groups of counts for separate trials was denied by the district court. Following two days of testimony, a jury found Allen guilty of all counts. He was sentenced on November 20, 1992, to 37 months of imprisonment and 3 years of supervised release. On appeal, Allen argues that the district court abused its discretion when it denied his motion to sever counts 1 through 7 from counts 8 through 17.
 
 
 3
 Upon review, we affirm the district court's judgment because the court did not abuse its discretion when it denied Allen's motion for severance of counts. See United States v. Medina, 992 F.2d 573, 587 (6th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3321 (Oct. 18, 1993); United States v. Swift, 809 F.2d 320, 322 (6th Cir.1987).
 
 
 4
 A review of the trial transcript shows that Allen did not renew his motion for severance at the close of the evidence. Accordingly, he has waived this issue. See United States v. Sturman, 951 F.2d 1466, 1475 (6th Cir.1991), cert. denied, 112 S.Ct. 2964 (1992); Swift, 809 F.2d at 323. In any event, it is without merit.
 
 
 5
 To establish an abuse of discretion, Allen must make a strong showing of prejudice. See Medina, 992 F.2d at 587; Swift, 809 F.2d at 322. Instead, his motion presented only general and speculative allegations of prejudice and jury confusion, which are insufficient to outweigh the public's interest in avoiding multiple litigation. United States v. McCoy, 848 F.2d 743, 744 (6th Cir.1988). A jury is presumed to be capable of sorting out the evidence and considering each count separately. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir.1992); Swift, 809 F.2d at 323. Even if potential jury confusion is established, it must be balanced against society's need for speedy, efficient trials. Medina, 992 F.2d at 587. The evidence in Allen's case, although somewhat tedious as it was largely a "paper case," was not so complex as to overcome the presumption that the jury was capable of sorting it out or to outweigh society's interest in a single, efficient trial.
 
 
 6
 Accordingly, the district court's judgment, entered on November 20, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.