61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Chan LAI and Silas Brandon, Defendants-Appellants.
 Nos. 92-10732, 92-10733.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided July 26, 1995.
 
 1
 Before: POOLE and NOONAN, Circuit Judges, and MARQUEZ,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 These consolidated cases are before this court for a second time. Previously, we remanded to the district court so that it could determine preliminary factual issues concerning the admissibility of alleged drug records into evidence, specifically Exhibit 42, a computer-generated printout, and Exhibit 43, a handwritten ledger. United States v. Lai, 944 F.2d 1434, 1445 (9th Cir.1991), cert. denied, Brandon v. United States, 502 U.S. 1062 (1992).
 
 
 4
 On remand, the district court made factual findings that supported admission of the appellants' drug-trafficking records as records of regularly conducted activity, admissions adopted by a defendant, and co-conspirator statements. It made these findings using only the trial record to determine whether the exhibits were admissible, rather than collecting additional evidence.
 
 
 5
 Because the district court did not abuse its discretion either in its admission of the records or in the manner in which it held the evidentiary hearing, we affirm the decision in its entirety.
 
 
 6
 We analyze the district court's holdings in the sequence suggested by the government, which we find persuasive. The facts of this case were described in great detail in our earlier holding, id. at 1437-39, as well as in the district court's most recent order, (Excerpts of Record 237-245), so we commence with a discussion of the issues.
 
 I. Admission of Evidence
 
 7
 The district court did not err in finding that Exhibits 42 and 43 were admissible as records of regularly conducted activity, as adoptive admissions, and as co-conspirator statements.
 
 
 8
 We review a district court's finding of sufficiency of authentication for an abuse of discretion. United States v. Yin, 935 F.2d 990, 994 (9th Cir.1991). We also review a district court's decision to admit evidence under exceptions to the hearsay rule for an abuse of discretion. United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). Alleged violations of the confrontation clause are reviewed de novo. United States v. George, 960 F.2d 97, 98 (9th Cir.1992).
 
 
 9
 First, the district court did not abuse its discretion in finding that the exhibits were sufficiently authenticated as records of business transactions. The foundational requirements for admission of business records under Fed.R.Evid. 803(6) are that the writing was made by a person with knowledge close to the time of the incident recorded, and that the record is kept during the course of regularly conducted business activity. United States v. Ordonez, 737 F.2d 793, 805 (9th Cir.1984).
 
 
 10
 Both exhibits 42 and 43 were properly authenticated in the manner prescribed by Fed.R.Evid. 901, which provides that authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims." United States v. Spetz, 721 F.2d 1457, 1476 (9th Cir.1983). Glazier and Quon identified both exhibits, and Ezra authenticated Exhibit 42.
 
 
 11
 The district court did not err in finding that there was credible evidence of a careful process by which Exhibits 42 and 43 were prepared and reviewed, which established their accuracy sufficiently to introduce them. See United States v. Whitworth, 856 F.2d 1268 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989).
 
 
 12
 There was abundant testimony establishing the method of record keeping in the case, including that of Batanides and Ezra, the people who designed and implemented the procedures; Kirchanski, the instructor who taught the accounting method; Glazier and Ezra, the subscribers who testified as to the method of record keeping; and Glazier, Quon, Ezra, and Lai, who confirmed that the records were Lai's. In particular, Quon's testimony indicates that Ezra's entering of the data into the computer for Exhibit 42 was done in a trustworthy and business-like way, meeting the Ordonez test. (3 RT at 518-519.)
 
 
 13
 As the district court correctly illustrated, Lai and Brandon's reliance on Ordonez and United States v. Mouzin, 785 F.2d 682, 692 (9th Cir.), cert. denied, Carvajal v. United States, 479 U.S. 985 (1986), is inapposite. Thus, Exhibits 42 and 43 were properly admitted as business records pursuant to Fed.R.Evid. 803(6).
 
 
 14
 Second, the district court did not abuse its discretion in finding that the exhibits at issue were not hearsay as to Lai, because they constituted adoptive admissions under Fed.R.Evid. 801(d)(2). See United States v. Ospina, 739 F.2d 448, 451 (9th Cir.), cert. denied, 469 U.S. 887 (1984) (writings in residence of defendant and acted upon by defendant held adoptive admissions and therefore non-hearsay).
 
 
 15
 A defendant's business records are admissible against him as party admissions, whether prepared by him or by his agents. United States v. Jennell, 749 F.2d 1302, 1308 (9th Cir.1984), cert. denied, 474 U.S. 837 (1985). Lai conceded that Exhibit 42 was prepared at his request and with his authorization, and that he regularly used and relied upon the computer printouts to operate his business. (11 RT at 1984-85, 2019-23; 12 RT at 2184-85, 2190-95, 2259-64.)
 
 
 16
 Lai also authorized Exhibit 43, and his handwriting "scribbled on the top" of that exhibit is sufficient to construe an adoption. (6 RT at 1145.) See United States v. Valles-Valencia, 811 F.2d 1232, 1237 (9th Cir.1987) (handwriting on drug ledgers as adopting admission).
 
 
 17
 Third, the district court also did not abuse its discretion in finding that Exhibits 42 and 43 were statements made by co-conspirators during and in furtherance of the conspiracy, pursuant to Fed.R.Evid. 801(d)(2)(E). In remanding this case, we noted that this was a "particularly plausible theory." To qualify as co-conspirator statements, the statements must have been made in furtherance of a conspiracy, and there must be evidence independent of the proffered statement of the existence of that conspiracy. Mouzin, 785 F.2d at 692.
 
 
 18
 As the district court correctly noted, Exhibits 42 and 43 are both statements attributed to the conspiracy as a whole as business records, and to Lai personally as party admissions. There is ample evidence of the existence of a conspiracy, including the testimony of Quon, who pleaded guilty to conspiracy. Lai's own testimony indicates that Exhibit 42 was made in furtherance of the objectives of the conspiracy. See United States v. Smith, 893 F.2d 1573, 1578 (9th Cir.1990). Glazier's and Quon's testimony indicates how Exhibit 43 was used to further the conspiracy. (3 RT at 517-519.)
 
 
 19
 Lastly, appellants' argument that Exhibits 42 and 43 violated their confrontation clause rights, even if they were otherwise admissible, is meritless. No confrontation clause issue arises where evidence is admitted pursuant to firmly rooted hearsay exceptions, and, therefore, is presumed to be reliable. Bourjailly v. United States, 483 U.S. 171 (1987); United States v. Miller, 830 F.2d 1073, 1077 (9th Cir.1987), cert. denied, 485 U.S. 1033 (1988) (statements admitted as business records do not raise confrontation clause issues). Further, Lai's own admissions preclude confrontation clause claims.
 
 
 20
 Thus, the district court did not abuse its discretion in making its factual findings supporting the admission of Exhibits 42 and 43 on three separate grounds, and it accurately held that there was no confrontation clause violation.
 
 II. Evidentiary Hearing
 
 21
 In remanding this case to the district court, we were most concerned whether the proper foundation was laid for admittance of the evidence. Ideally, in making this determination, the district court would have collected additional evidence. However, though we ordered an evidentiary hearing, we did not distinguish between a hearing reviewing existing evidence and a hearing taking new evidence. Therefore, the ambiguity of our directive did not require the district court to hear new evidence, and it thus did not err in making its factual determinations based solely upon the evidence presented at trial.
 
 
 22
 Appellants initially agreed that additional evidence was unnecessary. After filing a motion to rehear the case before this court, appellant Lai agreed with the Government's position that the evidence already introduced provided a sufficient basis. Appellant Brandon did not disagree with this point. In view of the apparent agreement among the parties, we issued an order to the district court which did not require it to take any additional evidence. It was only after the case returned to the district court that both Lai and Brandon made the apparently tactical decisions to seek a full evidentiary hearing. Appellants did not waive or estop their rights to an evidentiary hearing due to those actions, as the Government suggests, though.
 
 
 23
 However, more than enough evidence was presented at trial for the district court to make its finding without hearing new evidence. Indeed, the trial gave the appellants every incentive to challenge the trustworthiness and reliability of the records, which they did. Another opportunity to do so would be a second bite at the apple.
 
 
 24
 None of the cases cited in our earlier opinion stand for the proposition that the district court was required to hear new evidence in conducting its evidentiary hearing. See United States v. Mahar, 801 F.2d 1477 (6th Cir.1986); Ordonez, 737 F.2d 793. In fact, some case law supports the proposition that the district court's hearing on remand should be confined to a review of the original trial record. See United States v. Machor, 879 F.2d 945, 951 (1st Cir.1989), cert. denied, 493 U.S. 1094 (1990); United States v. Holloway, 731 F.2d 378, 382 (6th Cir.1984), after remand, United States v. Holloway, 740 F.2d 1373, 1375-76 (6th Cir.), cert. denied, 469 U.S. 1021 (1984). We therefore conclude that the district court's decision regarding the evidentiary hearing does not constitute reversible error.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3