**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ulysses GOUGIS, Jr., Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward BURKE, Defendant-Appellant.**

**Nos. 15638, 15639.**

United States Court of Appeals Seventh Circuit.

March 15, 1967.

Edward R. Lev, Patrick W. O'Brien, Theodore G. Maheras, Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., Robert J. Weber, Asst. U. S. Atty., Chicago, Ill. (John Peter Lulinski, Jules Terrence Brunner, Asst. U. S. Attys., on the brief), for appellee.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and SCHNACKENBERG, Circuit Judge.

DUFFY, Senior Circuit Judge.

We have for consideration, two separate appeals from judgments of conviction on charges contained in a five-count indictment. The alleged offenses had to do with the possession and sale of narcotics in violation of Title 26 U.S.C. § 4705(a), and Title 21 U.S.C. § 174. The trial was had before the Court without a jury.

Defendant Gougis was charged in three of the counts. Count 1 charged that on July 14, 1964, Gougis with defendants James Phillips and Edward Burke, did unlawfully sell, barter, etc. 3.2 grams of heroin to Carl Jackson (violation of Title 26 U.S.C. § 4705(a)); and in count 2, that defendant Gougis, with Phillips and Burke, did receive, conceal, buy, sell and facilitate the transportation, concealment and sale of 3.2 grams of heroin (violation of Title 21 U.S.C. § 174). Count 5 charged that Gougis alone, on January 27, 1965, concealed, bought, sold and facilitated the transportation, concealment and sale of 4.960 grams of heroin. (Violation of Title 21 U.S.C. § 174).

As charged in the indictment, count 5 was a solo offense by Gougis. No mention was made therein of any of the other defendants. Also, there was no mention of the July 1964 offenses described in counts 1 to 4 inclusive.

Defendant Gougis was found not guilty of the charges in counts 1 and 2, but guilty of the charges contained in count 5. Counts 3 and 4 did not mention Gougis, but charged defendants Burke and Phillips with crimes on July 17, 1964, almost identical to those specified in counts 1 and 2 as having occurred on July 14, 1964.

Defendant Burke was found guilty on the charges contained in counts 1, 2, 3 and 4. Phillips was found guilty only of charges in counts 3, and thereafter, the trial court set aside this conviction and granted Phillips a new trial.

Each defendant was represented by court-appointed counsel. The same counsel represented both defendants Gougis and Phillips. The three defendants were tried together. Gougis did not testify while Burke and Phillips each testified in his own behalf.

We first consider the Gougis appeal. His main point is that in his trial there was a clear violation of Rule 8(b), F.R. Cr.P.[1] in that multiple defendants were charged with offenses which were in no way connected, and then were tried together. Gougis urges that the improper joinder of the defendants was highly prejudicial to him.

The Government argues that all three defendants participated in the July 14, 1964 sale of narcotics to agent Jackson upon which counts 1 and 2 were based. However, the Court found Gougis not guilty of the charges contained in counts 1 and 2, and he was not charged at all in counts 3 and 4.

The Government further urges that Phillips testified that Gougis was the source of the narcotics. However, the transcript shows that the testimony of Phillips in this respect was stricken by the Court as to defendant Gougis. We are forced to conclude that there is no evidence in the record to support the Government's assertion that his arrest on

---

1. Rule 8(b) F.R.Cr.P. provides: "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

January 27, 1965, "arose out of Gougis' participation in the prior sales."

There can be no doubt that Gougis and Phillips had conflicting interests. Yet, they were represented by the same court-appointed counsel. It is quite apparent that Government agent Connolly tried to obtain Phillips' cooperation in order to obtain evidence against Gougis. It was the Government's theory that Gougis was the supplier of Phillips and Burke. To be more specific, it was contended that Burke supplied Phillips, and that Gougis supplied Burke.

Some of the most damaging testimony against Gougis came from defendant Phillips. While denying he was present at the alleged sale of narcotics on July 14, 1964, Phillips placed Gougis in the house where the sale occurred and told the Court that government agents had urged him to help get Gougis. There was no cross examination of Phillips on this important point. Counsel for Gougis was also counsel for Phillips.

Defendant Gougis did not testify in his own behalf. Apparently no evidence was presented on his behalf as to the January 1965 offense.

■ We intend no criticism of court-appointed counsel for Gougis and Phillips for she found herself in a most difficult position in representing conflicting interests. It would, however, have been entirely proper for her to have invited the attention of the trial court to her difficult situation.

In announcing his findings, the trial judge stated: " * * * I would suppose that a careful investigation would find that the defendant Ulysses Gougis is the person who has been for some time engaged in narcotic traffic, and much more involved [than] Burke and Phillips. * * *" And, " * * * He may be the source all the way through this. * * *"

■ In Glasser v. United States, 315 U.S. 60, at 76, 62 S.Ct. 457, at 468, 86 L.Ed. 680, the Supreme Court said:

"Our examination of the record leads to the conclusion that Stewart's representation of Glasser was not as effective as it might have been if the appointment had not been made. We hold that the court thereby denied Glasser his right to have the effective assistance of counsel, guaranteed by the Sixth Amendment. This error requires that the verdict be set aside and a new trial ordered as to Glasser."

Moreover, there is no need on the part of a defendant to show that he has been prejudiced by the multiple representation. Glasser v. United States, supra, at pages 75–76, 62 S.Ct. 457.

■ These principles have been applied to hold improper multiple representation of co-defendants with conflicting interests. Campbell v. United States, 122 U.S.App.D.C. 143 (1965), 352 F.2d 359; Case v. State of North Carolina, 4 Cir., (1963) 315 F.2d 743; Craig v. United States, 6 Cir. (1954), 217 F.2d 355. In the case of appointed counsel, it is especially important for the court to determine that no prejudice will result from multiple representation. Cf. Criminal Justice Act of 1964, 18 U.S.C. § 3006 A(b), (c).

■ It seems clear, and we so hold, that the representation of Gougis was not as effective as it might have been had his counsel not been required by the trial court to also represent defendant Phillips. Gougis was thus denied his right to the effective assistance of counsel guaranteed by the Sixth Amendment. This error alone requires that the verdict be set aside as to defendant Gougis, and that he be given a new trial.

The Government strongly urges that defendants' failure to object to the alleged improper joinder before or during the trial constitutes a waiver. The Government further urges that in any event, Gougis was not prejudiced by the joinder and contends that as the trial was to the Court, we must presume the Court distinguished as to what evidence properly applied to each defendant.

■ It is true that Rule 12(b) (2), F.R.Cr.P., requires the defendant to make a motion before trial if he objects

to the joinder. But, the rule also states that "the court for cause shown may grant relief from the waiver." An appellate court, like the trial court, should not be barred from considering on the merits whether relief should be granted under Rule 12(b) (2).

"The question of waiver may come up on appeal, as well as at trial, since defendant may fail to raise the defense or objection at the trial itself. In determining whether to grant relief, it is customary for the court to go into the merits to determine whether defendant would be prejudiced by enforcing the waiver." 8 Moore, Federal Practice, Criminal Rules § 12.03(4).

In the case of a violation of Rule 8 (b), there is substantial authority holding that joinder is *per se* improper where "multiple defendants are charged with offenses in no way connected * `*` *." Ingram v. United States, 4 Cir. (1959) 272 F.2d 567; United States v. Spector, 7 Cir. (1963), 326 F.2d 345.

In United States v. Spector, supra, we reversed the conviction of a defendant who had been joined in an indictment charging another defendant with an unrelated offense. We cited Ingram v. United States, supra, where the Court stated 272 F.2d at page 570: "In other words, where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief."

It is true that in *Spector* and *Ingram*, the defendants had moved for severance in the trial court, but it does not follow that a failure to object is the equivalent of an express waiver. An important feature here is that Gougis' counsel may well have felt limited and restricted in the trial strategy that she should or could adopt, and therefore did not object to the misjoinder.

■ Rule 14 F.R.Cr.P. does not specifically require a motion for severance for it states—"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by

such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." The wording of the Rule would indicate a continuing duty during the trial on the part of the court to avoid prejudice as a result of a joinder.

The Supreme Court considered Rules 8(b) and 14 in Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960), reh. den. 363 U.S. 858, 80 S.Ct. 1605, 4 L.Ed.2d 1739. The Court, by a close vote, held the joinder was proper in that case because the indictment contained a count alleging conspiracy. However, the language used by the Court is significant, page 516, 80 S.Ct. page 948:

"Nor can we fashion a hard-and-fast formula that, when a conspiracy count fails, joinder is error as a matter of law. We do emphasize, however, that, in such a situation, the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear. And where, as here, the charge which originally justified joinder turns out to lack the support of sufficient evidence, a trial judge should be particularly sensitive to the possibility of such prejudice."

■■ We hold that under the facts of this case, Rule 12(b) (2) F.R.Cr.P. is not a bar to our ruling that a misjoinder as to defendant Gougis existed. We do so rule.

The statements of the trial judge as to the role of Gougis support a conclusion that Gougis was substantially prejudiced by the misjoinder. Further, as we have heretofore held, Gougis was deprived of the effective assistance of counsel as guaranteed by the Sixth Amendment.

The judgment of conviction of defendant Gougis is reversed and the case is remanded for a new trial as to him.

On this appeal, Attorney Edward R. Lev of the Chicago Bar acted as court-appointed counsel for defendant Gougis. We compliment Mr. Lev upon his able and painstaking services. He was ap-

pointed under the provisions of the Criminal Justice Act.

## THE APPEAL OF EDWARD BURKE

The indictment herein contained five counts. Defendant Burke and two others were charged with violating the federal narcotics laws. Burke was named as a defendant in Counts 1, 2, 3 and 4. Together with defendants Gougis and Phillips, he was charged in count 1 with violating, on July 14, 1964, Title 26 U.S.C. § 4705(a), and in count 2 with violating, on the same day, Title 21 U.S.C. § 174. Defendant Burke, together with defendant Phillips, was charged in count 3 with violating, on July 17, 1964, Title 26 U.S.C. § 4705(a), and in count 4, on the same date, with violating Title 21 U.S.C. § 174. Neither Burke nor Phillips was charged in count 5. The case was tried to the court without a jury. Defendant Burke was represented by an attorney (court-appointed). The District Court found defendant Burke guilty of violating counts 1, 2, 3 and 4, and he was sentenced to serve ten years on each count, the sentences to run concurrently.

Burke argues 1) that the joinder and trial with defendant Gougis was error; 2) that his conviction cannot stand because, at most, he was a procurer or purchasing agent rather than a seller of narcotics; 3) that he never had possession of the heroin so as to violate § 174 of Title 21 U.S.C. when he merely acted as a conduit for the government; and 4) entrapment.

We first consider Burke's strongest claim which is that he was a mere procuring agent. In United States v. Moses, 3 Cir., 220 F.2d 166, which was tried without a jury, the defendant had introduced the buyers (who were government agents) to the seller. The defendant was not present when the sale of narcotics was made. The Court said, at page 168: "* * * At the buyers' request she did two things to facilitate their purchase. She introduced them to the seller and she vouched for their *bona fides* * * *. There was nothing to show that she was associated in any way with the enter-prise of the seller or that she had any personal or financial interest in bringing trade to him. * * *"

In Adams v. United States, 5 Cir., 220 F.2d 297, the Court held that a defendant who had obtained narcotics at the request of a government informer and without making any profit, was a procuring agent and not a seller.

In United States v. Simons, 374 F.2d 993, handed down by this Court on December 22, 1966, we referred to Adams v. United States, supra, and other similar cases. We there considered principally the conviction under § 174, Title 21, U.S.C. Our holding there can best be stated by the following quotation from our opinion, p. 995:

"It makes no difference therefore whether the middleman, in the case before us, Simons, is acting for himself or for the buyer or the seller. If he makes the sale easier between a seller and a buyer and does so with *scienter*, he is guilty of the crime. If, in order to convict a middleman, it is necessary to prove beyond a reasonable doubt his association with the seller, it seems to us that the efficacy of the facilitation clause of section 174 is nullified. Normally the principal seller in these cases is the faceless, nameless 'connection.'

"We hold that the evidence taken in the light favorable to the government is sufficient to support the finding against Simons for violation of section 174. The evidence is that the government agent was introduced to Simons by the informer and that he accepted the money from the agent and delivered the narcotics to him. He facilitated the sale between his 'connection' and the agent. Since the sentences under the section 4705(a) counts are concurrent with those under section 174, we need not discuss the former counts."

In the instant case, the evidence discloses that Burke had a personal if not a financial interest in the sale, possession and transfer of the narcotics on July 14, 1964 and on July 17, 1964. Burke was present at each transaction. On each

date he bargained with agent Jackson as to the purchase price of a "spoon" of heroin. On each occasion he personally handed the heroin to agent Jackson and at least on one of the occasions, Burke retained some of the heroin for his own use.

 We hold that defendant Burke's claim that he was a mere procuring agent or a conduit for the "government's provocator",[2] cannot be sustained on this record.

We also hold that no "cause" has been shown under Rule 12(b) (2), F.R.Cr.P., for not raising the question of misjoinder before the trial. Burke was represented by an attorney who did not represent any of the other defendants. He was not hampered and restricted by attempting to represent conflicting interests. We hold the claim of misjoinder on the part of Burke has been waived.

Burke's claim that he did not have possession of the narcotics as charged in counts 2 and 4 of the indictment is refuted by what we have heretofore said as to his claim that he was a mere purchasing agent. Burke had more than mere fleeting possession of the narcotics. In fact, he had dominion and control.

In any event, Burke was guilty of facilitating the sale of narcotics which is the charge under 21 U.S.C. § 174 of which he was convicted.

Burke's last point as to entrapment cannot be sustained. It is well established that the government may use ingenuity and disguise to secure evidence of crime. What is prohibited is government instigation of criminal conduct which would otherwise not occur. United States v. Sizer, 4 Cir., 292 F.2d 596, 599.

Theodore G. Maheras, Esq. of the Chicago Bar as court-appointed counsel has ably represented the defendant-appellant Burke. Mr. Maheras was appointed under the Criminal Justice Act. We thank him for his services.

The judgment of conviction of defendant-appellant Edward Burke is

Affirmed.

---

2. Henderson v. United States, 5 Cir., 261 F.2d 909, 912.