**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Romel GUESS, Clay D. Guess, Arthur Hunter, Jr., Defendants-Appellants.**

**Nos. 83–5314, 83–5297 and 83–5285.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 5, 1984.

Decided Oct. 26, 1984.

Enrique Romero, Los Angeles, Cal., for plaintiff-appellee.

Richard D. Burda, W. Michael Mayock, Arthur Mabry, Los Angeles, Cal., for defendants-appellants.

Before TUTTLE,* Senior Circuit Judge, NORRIS and BEEZER, Circuit Judges.

BEEZER, Circuit Judge.

On May 20, 1983, a twelve count indictment was filed against John Romel Guess, his father, Clay D. Guess, his cousin, Alvin Guess, his sister, Margaret Darlene Guess, his wife, Patricia Ann Guess, and a friend, Arthur Hunter, Jr. Count 1 of the indictment charged all the defendants with conspiracy to violate the federal controlled substances law in violation of 21 U.S.C. § 846. The remaining eleven counts charged the defendants either individually or in various combinations with different drug violations.

The indictment was handed down as a result of an investigation by the Drug Enforcement Administration (DEA) into defendants' manufacture and distribution of phencyclidine (PCP). Much of the evidence against the defendants was obtained through undercover purchases of PCP by DEA Special Agent Wayne Countryman and informant Cornell Moore. DEA recorded several of the telephone conversations and meetings between defendants, Countryman and Moore. Thirteen of the tapes were admitted in evidence.

Defendant John Guess filed a pre-trial motion to sever his case from that of his sister, Margaret Guess. The court denied the motion. The case then proceeded to trial. During the government's closing argument, defendant Arthur Hunter objected to the government's playback of a portion of a tape recording which had been admitted into evidence. The court overruled the objection.

---

* The Honorable Elbert P. Tuttle, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

On October 20, 1983, the jury found all defendants, except for Patricia Guess and Alvin Guess whose cases had been severed, guilty as charged in the indictment. The defendants timely appealed their convictions. We affirm.

Defendants raise two issues on appeal:

(1) Did the district court err in permitting the government to play portions of tape recordings in its closing argument?

(2) Did the district court err in failing to sever counts nine and ten of the indictment?

I

## Tape Recordings

During trial, the government introduced into evidence 13 tapes of recorded conversations between the defendants and government witnesses. Transcripts of the tapes were given to each juror as an aid in following the conversations. During the government's closing argument, Hunter objected to the government's playback of a taped conversation. The trial judge gave Hunter permission to play the tape if he wished during his closing argument, and then overruled his objection.

Hunter argues that the playback of the recording permitted the government to re-open its case and was highly prejudicial to him. Hunter's argument lacks merit.

■ It is well-established that the trial judge has broad discretion in controlling closing argument. The ruling of the trial judge will not be disturbed on appeal, absent an abuse of discretion. *Herring v. New York*, 422 U.S. 853, 862, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593 (1975). Moreover, "[i]mproprieties in counsel's arguments to the jury do not constitute reversible error 'unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge.'" *United States v. Birges*, 723 F.2d 666, 672 (9th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984) (quoting *United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir.), *cert. denied*,

430 U.S. 971, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977)).

■ Hunter concedes that the government can read from the transcripts of a witness's recorded testimony during closing argument. *See, e.g., United States v. Miranda*, 556 F.2d 877, 879 (8th Cir.1977). He does not explain, however, why the playing of a recording during closing argument was any more prejudicial than reading from a transcript. This court has encouraged counsel to "exercise meticulous care to stay with the precise language used by witnesses in testifying ...." *Byrnes v. United States*, 327 F.2d 825, 840 (9th Cir. 1964). It appears that a recording meets this standard of absolute accuracy more readily even than a transcript of the same recording. While the transcript is a written version of what the reporter believes he or she heard, the recording itself permits the trier of fact to independently assess the content of the conversation. The selective replaying of a recording during closing argument, when all the evidence is reviewed for the jury by counsel, is less likely to prejudice a defendant than playing the recording during jury deliberations, when it is taken out of the framework of the case. *Cf. United States v. Kuta*, 518 F.2d 947, 954 (7th Cir.), *cert. denied*, 423 U.S. 1014, 96 S.Ct. 446, 46 L.Ed.2d 385 (1975). Yet, the courts have held that it is within the trial court's discretion to replay tapes or have the court reporter reread portions of testimony at the jury's request during deliberations. *See Birges*, 723 F.2d at 671 (testimony); *United States v. Williams*, 548 F.2d 228, 232 (8th Cir.1977) (tape recordings).

■ We therefore hold that the use of tape recordings in oral argument falls within the discretion of the trial judge as does the use of exhibits or trial testimony transcripts. Based on the above circumstances, we find that the trial court did not abuse its discretion when it permitted the government to selectively replay portions of the tapes in evidence during its closing argument.

## II

### *Severance*

Defendants Clay and John Guess contend that their convictions should be reversed, because counts nine and ten against Margaret Guess, charging her with possession of two chemicals with the intent to manufacture PCP in violation of 21 U.S.C. § 841(d)(1), were improperly joined with the indictment.

John Guess filed a pre-trial motion for severance. The trial court denied the motion. At the close of the government's case, he moved for a judgment of acquittal, but did not renew the severance motion. The government argues that the failure to renew the motion during trial and at the conclusion of the case waived the severance issue. We agree.

In this circuit, a motion for severance must be renewed at the close of the evidence or it is waived. *See, e.g., United States v. Long,* 706 F.2d 1044, 1053 (9th Cir.1983). The failure to renew the motion as prejudicial evidence unfolds "cannot serve as insurance against an adverse verdict." *United States v. Kaplan,* 554 F.2d 958, 966 (9th Cir.) (per curiam), *cert. denied,* 434 U.S. 956, 98 S.Ct. 483, 54 L.Ed.2d 315 (1977). John neither renewed the severance motion during nor at the close of the trial. Under these circumstances, the motion is waived for purposes of appeal. *See United States v. Barker,* 675 F.2d 1055, 1058–59 (9th Cir.1982) (an unrelated holding in the *Barker* case was overruled in *United States v. DeBright,* 730 F.2d 1255 (9th Cir.1984)).

Clay also waived his right to raise the severance issue on appeal. Fed.R. Crim.P. 12(b)(5) requires a defendant to move for severance of charges prior to trial. Clay filed no such motion. He did not move for severance during trial or at the close of the government's case. Although he did ask for a cautionary instruction at the end of the government's direct examination of the first witness who testified regarding indictment counts nine and ten, he did not avail himself of the trial court's request for a proposed limiting instruction.

We find that John and Clay Guess both waived their right to move for severance, and have no basis for asserting their objection on appeal. We therefore need not address their other arguments regarding counts nine and ten.

AFFIRMED.