**UNITED STATES of America, Appellee,**

v.

**Emily BRADLEY, Appellant.**

**Nos. 661, 864, Dockets 88–1419, 88–1487.**

United States Court of Appeals,
Second Circuit.

Submitted Jan. 18, 1989.

Decided Feb. 22, 1989.

Robert C. Fogelnest, New York City, for appellant.

James J. McGuire, Asst. U.S. Atty. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Vincent L. Briccetti, Asst. U.S. Atty., of counsel), New York City, for appellee.

Before OAKES, Chief Judge, and FEINBERG and PRATT, Circuit Judges.

PER CURIAM:

Emily Bradley was convicted of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (1982), and of possession of heroin with intent to distribute it, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C) (1982 & Supp. IV 1986). She was sentenced by Peter K. Leisure, *Judge*, United States District Court for the Southern District of New York, to two concurrent one-year terms of imprisonment, execution of which was suspended, and placed on probation for five years. She claims on appeal that the evidence of her guilt was

insufficient to support convictions on either count. She also claims that Judge Leisure denied her a fair trial when he refused to permit her counsel to distribute to the jury copies of portions of the trial transcript during his summation.

■ There was evidence at Bradley's trial that her husband, Robert, directed a narcotics trafficking conspiracy from the one-bedroom apartment in the Bronx where they lived. Robert Bradley obtained the assistance of a longtime acquaintance, William Meggett, in locating customers for his heroin. Meggett later testified that he visited the Bradley apartment fifty or sixty times between August 1 and December 15, 1987, and that Emily Bradley was present during 50% to 60% of those visits. Some drug transactions occurred in the apartment.

In August 1987, Meggett found a customer who turned out to be an undercover police officer. A series of narcotics transactions ensued. On December 15, 1987, Robert Bradley and Meggett were arrested in Manhattan after completing a sale of heroin to the agent. A warrant was immediately obtained to search Bradley's apartment. There was no answer when agents knocked at the door of the apartment and announced themselves, but they heard movement from within the apartment. They broke in, discovering Emily Bradley in the bathroom trying to dispose of the contents of eleven plastic bags. These bags were identical to the bag containing three ounces of heroin supplied by Robert Bradley which had been given by Meggett to the undercover agent earlier that day. The toilet bowl was refilling, and there was moisture in the sink and bathtub. Traces of off-white powder that appeared to be heroin were found in the toilet bowl, the sink, the bathtub, and on the floor. Elsewhere in the apartment, the agents found a triple-beam balance scale, an empty bottle of the cutting agent inositol, and several hundred empty vials—all in plain view. They also found firearms and ammunition hidden in the apartment.

Emily Bradley was arrested and advised of her constitutional rights. When asked what part she played in her husband's heroin business, she replied that "she helped with the money," according to an agent's testimony. She said that she had flushed the drugs down the toilet because "she didn't want to take the rap for her husband."

Emily Bradley now argues that her "mere presence" in an apartment where drug transactions occurred is insufficient to support her convictions. She contends that she was convicted "on the basis of her status as the wife of a heroin conspirator." We disagree. She played a subordinate role, but that does not mean that she was "merely present." Her admitted involvement in the narcotics transactions, the physical evidence in and the size of the apartment where she lived, and her efforts to dispose of the heroin were evidence from which reasonable jurors could infer that Emily Bradley actively participated in Robert Bradley's trafficking conspiracy. Emily Bradley cites *United States v. Freeman*, 498 F.2d 569 (2d Cir.1974), in support of her argument, but in that case the evidence showed only that the defendant became an accessory after the fact. It did not show that he had joined a conspiracy while it was still in operation. *Id.* at 575–76.

Emily Bradley has the burden of showing that no rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Martino*, 759 F.2d 998, 1002 (2d Cir.1985). Viewing the evidence in the light most favorable to the Government, *id.*, we do not think that she has sustained that burden.

■ At the conclusion of Bradley's trial, her counsel sought permission to distribute copies of portions of the trial transcript to the jury during his summation. The judge denied the request but allowed counsel to read from the transcript. On appeal, Bradley claims that this ruling denied her the assistance of counsel, citing *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). She also points out that Rule 1006 of the Federal Rules of

Evidence permits the use of charts or summaries.

▮ Rule 1006 is inapposite here, as it refers to the admission into evidence of charts, summaries, or calculations to prove the contents of voluminous writings, recordings, or photographs. *See 5 Weinstein's Evidence* ¶ 1006[07], at 1006–15 (1988) ("Care should be taken to distinguish between the use of summaries or charts *as evidence* pursuant to Rule 1006, and the use of summaries, charts or other aids *as pedagogical devices* to summarize or organize testimony or documents which have themselves been admitted in evidence.") (emphasis in original). It was within the discretion of the district court whether to allow copies of the trial transcript to be distributed to the jury. *See Herring*, 422 U.S. at 862, 95 S.Ct. at 2555 (judge has great latitude in controlling duration and limiting scope of closing summations); *cf. United States v. Guess*, 745 F.2d 1286, 1288 (9th Cir.1984) (trial court did not abuse its discretion in permitting government to replay portions of tapes in evidence during closing argument), *cert. denied*, 469 U.S. 1225, 105 S.Ct. 1219, 84 L.Ed.2d 360 (1985). The decision here was not an abuse of that discretion, especially since Bradley's counsel was permitted to read from the transcript. Still less did the district court deny Bradley the assistance of counsel, since her lawyer went on to argue vigorously on her behalf. It is absurd to equate this relatively minor restriction to the total denial of the right to present a final argument that was at issue in *Herring*.

JUDGMENT AFFIRMED.