**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joel Antonio HOWELL, Defendant—
Appellant.**

**No. 04–10441.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted June 16, 2005.*

Decided June 23, 2005.

Emory T. Hurley, Esq., Office of the
U.S. Attorney, Phoenix, AZ, for Plaintiff–
Appellee.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Philip A. Seplow, Esq., Law Offices of Philip A. Seplow, Phoenix, AZ, for Defendant–Appellant.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

MEMORANDUM **

Joel Antonio Howell appeals his jury conviction for being in possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

As the parties are already familiar with the facts of Howell's arrest and conviction, we recount them only as necessary to our disposition.

I

We review the district court's decision to deny Howell's motions to suppress *de novo*, *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir.2004) (en banc), and conclude that the district court did not err.

■ Howell admitted possession of the firearms over eight hours after he returned from drinking, and the evidence was that he was, at most, "a little tipsy." The record indicates that Howell was not pressured, intimidated, or coerced, and that he demonstrated the ability to lucidly answer questions from his friend and from the officers. The totality of the circumstances suggests that Howell's admission was "the product of a rational intellect and a free will." *United States v. Banks*, 282 F.3d 699, 706 (9th Cir.2002) (citation and

** This disposition is not appropriate for publication and may not be cited to or by the

quotation marks omitted), *rev'd on other grounds*, 540 U.S. 31, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003); *United States v. Kelley*, 953 F.2d 562, 565 (9th Cir.1992). The district court did not err in holding that Howell's admission was voluntary.

■ There was also no error in the court's determination that the destruction of the tape of Howell's admission did not require his statement to be suppressed. The destruction was not a discovery violation because the federal government never had "possession, custody, or control" of the Phoenix Police Department tape. Fed. R.Crim.P. 16(a)(1)(B)(i); *see United States v. Gatto*, 763 F.2d 1040, 1047–48 (9th Cir. 1985). The government fulfilled the requirements of former Local Rule 4.11 by filing a "Notice of Confession" on June 16, 2003, and a "Supplemental Notice of Confession" on August 12, 2003; written notice is all that former Rule 4.11 requires.

■ Furthermore, the destruction did not violate Howell's due process rights. Failure to preserve evidence is a due process violation only if: 1) the evidence had exculpatory value that was evident before it was destroyed, 2) the defendant would be unable to obtain comparable evidence by other reasonable means, and 3) the police acted in bad faith in failing to preserve the evidence. *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir.1997). Even if the first two prongs of this test had been met (and we believe they have not) nothing in the record indicates that the tape destruction was anything other than part of a routine case-closing procedure. The district court properly held that because there is no evidence that the government acted in bad faith in destroying the tape, no due process violation occurred.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II

We review the district court's rejection of a proposed jury instruction for abuse of discretion. *See Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002). Whether the instruction given was an accurate statement of the law is a question we review *de novo. United States v. Velasquez,* 980 F.2d 1275, 1278 (9th Cir.1992). Rulings limiting closing argument are reviewed for abuse of discretion. *United States v. Guess,* 745 F.2d 1286, 1288 (9th Cir.1984).

█ Howell has no constitutional right to a particular formulation of the reasonable doubt instruction. *See Victor v. Nebraska,* 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). The instruction the district court gave was the model Ninth Circuit instruction and was nearly identical to the instruction approved by this court in *Velasquez.* 980 F.2d at 1278 n. 1. There was no error in the court's use of the model instruction.

█ There was also no error in the district court's decision to prohibit Howell's counsel from arguing the "real possibility" language from his proposed instruction in closing argument. Howell was permitted to argue reasonable doubt, and did so. The district court's decision to limit Howell's counsel to "reasonable doubt" language was a proper attempt to ensure that the argument did not "stray unduly from the mark," *Herring v. New York,* 422 U.S. 853, 862, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), and was within the trial judge's "broad discretion in controlling closing argument." *See Guess,* 745 F.2d at 1288.

## III

█ We review the denial of a motion for acquittal *de novo. United States v.*

* Alberto R. Gonzales is substituted for his pre-

*Johnson,* 357 F.3d 980, 983 (9th Cir.2004). Because Howell stipulated to his criminal record, the government had the burden to prove that Howell knowingly possessed a firearm and that the firearm had been shipped or transported in interstate commerce. *Hernandez,* 109 F.3d at 1452. To demonstrate possession, the government presented an officer and a detective from the Phoenix Police Department who testified that Howell had separately admitted to each of them that the firearms were his. To prove the interstate nexus, the government proffered an expert witness who testified that the firearms at issue were manufactured outside of Arizona, and thus had necessarily traveled in interstate commerce. From this evidence, which must be examined "in the light most favorable to the [g]overnment[,]" a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson,* 357 F.3d at 983 (quotation marks omitted).

AFFIRMED