
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 15-10339 |
| Plaintiff-Appellee, | D.C. No.<br>2:13-cr-00269-LDG-GWF-1 |
| v. | |
| **ENRIQUE IVAN ROCHA,** | **MEMORANDUM**<sup>*</sup> |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted December 12, 2016<sup>**</sup>
San Francisco, California

Before: **KOZINSKI** and **N.R. SMITH**, Circuit Judges, and **GLEASON**,<sup>***</sup>
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

**1.** Rocha requested Detective Nichols's "recorded communications and messages . . . with other subjects in his undercover operations regarding coercion and enticement of minors for sexual activity, or other similar state, local and/or federal crimes, that have occurred in the last three years." The magistrate judge properly denied this discovery because the information requested wasn't material to Rocha's defense. See Fed. R. Crim. P. 16(a)(1)(E)(i). The government agent's state of mind is irrelevant to an entrapment defense; it is the effect of the agent's actions, United States v. Williams, 547 F.3d 1187, 1197 (9th Cir. 2008), and "the predisposition of the defendant to commit the offense . . . that counts," United States v. Makhlouta, 790 F.2d 1400, 1402 (9th Cir. 1986) (internal quotation marks and citations omitted). The magistrate judge correctly concluded that even if "Detective Nichols engaged in conduct in other investigations that induced individuals to commit crimes that they were not predisposed to commit, such evidence would not prove or tend to prove that Defendant Rocha was induced to commit a crime that he was not otherwise predisposed to commit."

Because the evidence requested is irrelevant, Rocha's arguments under Rule 17 of the Federal Rules of Criminal Procedure and Rule 404(b) of the Federal Rules of Evidence also fail. See Fed. R. Crim. P. 17; Fed. R. Evid. 404(b).

**2.**     Rocha also argues that the district court should have allowed Dr. Gould, an endocrinologist, to testify as a lay witness. Rocha proffered that Dr. Gould would "present factual testimony about Mr. Rocha's medical condition at the time of the offense, which includes statements Mr. Rocha made to Dr. Gould for the purpose of medical diagnosis or treatment that he was depressed." He relies on our decision in United States v. Sandoval-Mendoza, 472 F.3d 645 (9th Cir. 2006). We held that "medical expert opinion testimony showing that a medical condition renders a person unusually vulnerable to inducement is highly relevant to an entrapment defense." Id. at 656 (emphasis added). Rocha didn't qualify Dr. Gould as an expert witness and a lay witness can't testify to what is essentially an expert opinion. See United States v. Figueroa-Lopez, 125 F.3d 1241, 1244–46 (9th Cir. 1997); Fed. R. Evid. 701.

Even if the testimony were admissible as a lay opinion, any error in excluding it was harmless. Rocha wasn't prevented from presenting the same information through other witnesses. In fact, Rocha eventually testified about his medical history and depression. Because the jury heard the very facts that Rocha claims were wrongly excluded, any error did not "more likely than not affect[] the verdict." United States v. Pang, 362 F.3d 1187, 1192 (9th Cir. 2004) (citation omitted).

**3.** Nor did the district court err in denying Rocha's motion for a mistrial after the government inadvertently failed to redact all references to Rocha's girlfriend from a taped interview that it played at trial. "Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." United States v. Charmley, 764 F.2d 675, 677 (9th Cir. 1985). The government agreed to stipulate that Rocha didn't have a girlfriend and the district court offered to instruct the jury to disregard the reference to Rocha's girlfriend. That Rocha declined both the offered stipulation and the proposed instruction doesn't require a mistrial.

**4.** The district court's rulings didn't force Rocha to testify. The Fifth Amendment right against self-incrimination doesn't apply to "a defendant's own subjective perception of what constitutes a proper trial strategy." United States v. Perkins, 937 F.2d 1397, 1405 (9th Cir. 1991). Rocha "made a tactical decision to testify in light of all the circumstances of the case." Id.

**5.** The district court acted within its discretion when it instructed defense counsel to avoid broadly stating, during closing argument, that sexting with a minor isn't criminal. "[T]he trial judge has broad discretion in controlling closing argument." United States v. Guess, 745 F.2d 1286, 1288 (9th Cir. 1984). And

we've held that mere communications can constitute a substantial step for purposes of section 2422(b).  See United States v. Goetzke, 494 F.3d 1231, 1236 (9th Cir. 2007).  The district court's narrow limitation on closing argument was consistent with our precedent and "merely prevented [Rocha] from arguing incorrect statements of law, something that is well within the court's discretion."  United States v.  Doe, 705 F.3d 1134, 1149 (9th Cir. 2013).

Nor did the district court's ruling affect "the defendant's right to put on a defense."  Rocha was free to argue that sexting alone didn't violate section 2422(b).

**AFFIRMED.**